11-1179-ag
Pan v. Holder

BIA
Schoppert, IJ
A099 673 108

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of February, two thousand twelve.

PRESENT:
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

QIU QING PAN,
> *Petitioner,*

v.                                          11-1179-ag
                                            NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gary J. Yerman, New York, NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Ethan B. Kanter, Senior
                       Litigation Counsel; Paul F. Stone,
                       Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Qiu Qing Pan, a native and citizen of the People's Republic of China, seeks review of a March 2, 2011, order of the BIA, affirming the March 6, 2009, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Qing Pan*, No. A099 673 108 (B.I.A. Mar. 2, 2011), *aff'g* No. A099 673 108 (Immig. Ct. N.Y. City Mar. 6, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, this Court reviews the IJ's decision as supplemented and modified by the BIA, *i.e.*, minus the adverse credibility determination not reached by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also, e.g., Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).

The BIA reasonably concluded that Pan failed to demonstrate a well-founded fear of persecution based on his claim of resistance to the family planning policy. *See Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 313 (2d Cir. 2007) (en banc). Here, Pan asserts that his vocal objection when the family planning officials visited his home and his act of going into hiding thereafter constitute such "resistance." Even assuming that Pan established "resistance," the BIA did not err in finding that he failed to establish he had a well-founded fear of future harm amounting to persecution on account of that resistance. Based on Pan's admission that he did not know if the family planning officials were still seeking to punish him in China, Pan failed to demonstrate that his fear of future persecution was objectively reasonable. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [a] fear is speculative at best."). The agency also did not err in concluding that Pan's assertion of a fear of persecution was undermined by the fact that both his wife and his parents continued to live in China and had not been further punished or sanctioned beyond his wife's alleged forced abortion. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

3

The agency also reasonably concluded that Pan did not have a well-founded fear of persecution based on his practice of Christianity.  Because Pan did not become a Christian until after he left China and did not allege that he was personally subjected to past persecution on account of his faith, he was required to show either that he would be "singled out individually for persecution" or that there was a pattern or practice of persecution of similarly situated persons in China.  *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 142 (2d Cir. 2008).  As the agency concluded, Pan failed to make this showing.  As Pan presented no evidence to the agency that he will proselytize to other Chinese citizens, the agency reasonably concluded that the Chinese government was not likely to become aware of his activities.  *See Jian Xing Huang*, 421 F.3d at 129.

In addition, the record does not compel the conclusion that there is a pattern of persecution so systematic or pervasive that all Christians in China are at risk.  *Cf. Santoso v. Holder*, 580 F.3d 110, 112 (2d Cir. 2009) (concluding that substantial evidence supported the agency's determination that the mistreatment of some ethnic Chinese in Indonesia did not establish a pattern or practice of persecution in part because Indonesia is a large country).

4

In making this determination, the agency reasonably considered the country conditions evidence in the record, recognizing that, while the evidence indicated that government officials sometimes harass Chinese Christians who attend unregistered churches, freedom to participate in religious activities continued to increase in many areas. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 341 (2d Cir. 2006). Indeed, contrary to Pan's claim of an objectively reasonable fear of persecution, his wife and her family, who were practicing Christians, have remained in China unharmed. *See Melgar de Torres*, 191 F.3d at 313. The IJ also considered the letter submitted by Pan's father, in which he indicated that some individuals in his community who participate in underground churches have been harmed by the Chinese government, but reasonably gave it diminished evidentiary weight because Pan's father was an interested witness not subject to cross-examination. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).

Because the agency reasonably found that Pan failed to establish that he had a well-founded fear of persecution based on his resistance to China's family planning policy and his Christianity, it did not err in denying him asylum, withholding of removal, and CAT relief because those claims

5

were based on the same factual predicate.  *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk